# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **MICHAEL HAYS**, | Case No. 3:12-cv-0164-SI |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **BENIGNO REYNA**, Director-U.S. Marshal's Service; *et al*., | |
| Defendants. | |

Michael Hays, 71312-065 United States Penitentiary, Marion, Inmate Mail/Parcels, P.O. Box 1000, Marion, Illinois, 62959. Plaintiff *pro se*.

Sebastian Newton-Tapia, Lane County Office of Legal Counsel, 125 East Eighth Avenue, Eugene, Oregon 97401. Attorneys for Defendants Doug Hooley, Joseph Pishonneri, Barbara Williams, John Doe-Medical Administrator, Jane Doe-Physician's Assistant, John Doe-Deputy Sheriff, and Jane Doe-Kitchen Supervisor.

**Michael H. Simon, District Judge.**

Plaintiff Michael Hays, an inmate at the United States Federal Penitentiary in Marion, Illinois, filed *pro se* claims against numerous defendants associated with the Lane County Jail and the United States Marshal's Service, alleging that they violated Plaintiff's due process rights, violated the Eighth Amendment by acting with deliberate indifference to his medical needs, and violated his equal protection rights. Defendants Doug Hooley, Joseph Pishonneri, Barbara Williams, John Doe-Medical Administrator, Jane Doe-Physician's Assistant, John Doe-Deputy Sheriff, and Jane Doe-Kitchen Supervisor (collectively, the "Lane County Defendants"), filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), an alternative motion for summary judgment under Federal Rule of Civil Procedure 56, and a further alternative motion for partial summary judgment under Federal Rule of Civil Procedure 56. Dkt. 27. For the reasons discussed below, the Lane County Defendants' motion for summary judgment is GRANTED. The Court further dismisses the case against all remaining defendants with prejudice.

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . . " *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252,

PAGE 2 – OPINION AND ORDER

255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for

the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 587 (1986) (quotations and citation omitted). A court must liberally

construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of the doubt. *Hebbe v.*

*Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## BACKGROUND[1]

On December 9, 2008, Plaintiff was arrested. Previous Compl. at 6. Plaintiff, a federal

prisoner, was held in the custody of the Lane County Jail. At some unidentified date in

December 2008, after complaining of excruciating lower back pain, Plaintiff was examined by

Defendant Dr. Jennifer Soyke. Am. Compl. at 16. Dkt. 15. Dr. Soyke performed a short

examination and diagnosed Plaintiff with recurring back pain from his chronic back condition.

*Id*. No lab tests were performed. *Id*.

On or about January 10, 2009, after several complaints that he was suffering from a fever,

hot and cold flashes, severe lower back pain, constipation, numbness in his hips, sneezing, and a

runny nose, Plaintiff was examined by Defendant Dr. Judy Pinsonneault. *Id*. at 15.

Dr. Pinsonneault determined there was a lump behind Plaintiff's left lung, could not identify it,

and prescribed pain relieving exercises, a muscle relaxant, and Tramadol for pain. *Id*. No lab

tests were performed. *Id*.

---

[1] The background facts are taken from Plaintiff's Amended Complaint in this action
(Dkt. 15), Plaintiff's Complaint in the related case of *Hays v. Reyna*, Case No. 3:10-cv-6317-JO
(Dkt. 2) (referred to as "Previous Compl."), which Plaintiff incorporated in his Complaint filed
in this action (Dkt. 2), and evidence placed in the record by Plaintiff and the Lane County
Defendants in briefing the pending motions. Where background facts were alleged by Plaintiff
and not disputed by the Lane County Defendants with record evidence, the Court assumes them
to be true for purposes of the pending motions.

Plaintiff continued to complain about his symptoms to Defendant Barbara Williams, a nurse, who did not refer him to a doctor and instead prescribed him fiber and laxatives. Am. Compl. at 18.

In the morning of January 18, 2009, Plaintiff awoke with difficulty breathing because of a collapsed left lung. Am. Compl. at 21. Plaintiff had difficulty speaking and tried to convey his distress to a deputy. The deputy left Plaintiff in his cell in distress, finished serving breakfast to the rest of the detainees in Plaintiff's housing unit, and then returned to Plaintiff to check on his condition and call for medical help. *Id*. As Plaintiff was loaded into the ambulance a deputy secured Plaintiff with handcuffs and a belly chain, causing his IV to bend in his arm, which caused pain and numbness. *Id*. at 22. This lasted for the approximately 20-minute ambulance ride to the hospital and for approximately 25 additional minutes, until the doctor directed the deputy to remove the restraints. *Id*.

Plaintiff was in the intensive care unit at the hospital for five days. Previous Compl. at 7. Plaintiff was released from the hospital on January 30, 2009. Declaration of Larry Brown ("Brown Decl.") ¶ 4, Ex. 2.

After his hospitalization, Plaintiff was advised by his criminal defense attorney that Plaintiff may have a viable civil case and that Plaintiff should pursue legal action. Previous Compl. at 9. In early July 2009, Plaintiff requested access to the law library and was not granted access for approximately one month. Am. Compl. at 28; Previous Compl. at 9. Plaintiff eventually was granted access to the law library on July 30, 2009. *Id*.

Plaintiff also sent two complaints to the kitchen staff because he was served "rotten" fruit. Am. Compl. at 34. In November 2009, Plaintiff complained to a jail doctor that oatmeal and whole kernelled corn caused him bowel irritability. Brown Decl. Ex. 3. The doctor placed

Plaintiff on a restricted diet, ordering that no oat products be served to him. Plaintiff filed an inmate request form on November 27, 2009, requesting that he be removed off the restricted diet because it was not all oat products that exacerbated his symptoms. *Id.*

On February 26, 2010, Plaintiff was released from the Lane County jail.

## DISCUSSION

Plaintiff's claim that his constitutional rights were violated by Defendants, resulting in Plaintiff's hospitalization, is time-barred and dismissed. Plaintiff's claims that his constitutional rights were violated because he did not receive adequate access to the jail law library and because he received inadequate food are also time-barred and even if they were not, Plaintiff fails to show a material issue that his constitutional rights to meaningful access to the courts and to adequate food were infringed.

## A. Plaintiff's Claims Against the Lane County Defendants are Barred by the Applicable Statute of Limitations

Oregon law's two-year statute of limitations for personal injury actions, ORS 12.110(1), applies to claims under 42 U.S.C. § 1983. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002). A Section 1983 claim accrues when the plaintiff knows, or has reason to know, of the injury upon which he bases his action. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). For purposes of accrual, an incarcerated plaintiff is given the benefit of a "prison mailbox rule," meaning that an action is deemed to commence upon deposit in the prison mailbox ("delivery to prison authorities") rather than upon filing with the clerk of court. *Houston v. Lack*, 487 U.S. 266, 275 (1988).

Under these principles, Plaintiff's suit commences on the date he mailed his complaint, which is January 25, 2012. Dkt. 2. Therefore, under Oregon law, to be considered timely Plaintiff's claims must have accrued after January 25, 2010. For his inadequate medical care

claim, Plaintiff alleges a physical injury that began sometime before January 18, 2009, and culminated in his hospitalization from January 18, 2009 through January 30, 2009. For his inadequate access to the courts claim, Plaintiff alleges that he was refused access to the law library for approximately one month in July 2009. For his claims relating to his food, Plaintiff removed himself off of the restricted diet on November 27, 2009.

**1. Plaintiff's claim for inadequate medical care is time-barred**

Plaintiff alleges improper medical care dating back to December 2008, when Plaintiff alleges Dr. Soyke improperly treated him for his back pain and failed to perform laboratory tests that Plaintiff alleges would have revealed his infection and prevented his later hospitalization. Plaintiff alleges continued improper medical treatment in December 2008 and January 2009, during which time he alleges that the jail medical personnel failed to diagnose his infection. Plaintiff further alleges that his improper medical treatment resulted in his requiring emergency hospitalization on January 19, 2009, to treat his infection.

After Plaintiff's hospitalization in January 2009, his criminal defense attorney told Plaintiff he may have a viable civil case and that he should pursue legal action against those who had custody and care over Plaintiff. Plaintiff then sought access to the law library. In early July 2009, Plaintiff filed a grievance requesting access to the law library to research his claims. Plaintiff was given access to the law library in approximately August 2009, and was able to file a timely civil action asserting the same claims against the same defendants as in the current action. *See Hays v. Reyna, et al.,* Case No. 3:10-cv-6317-JO.

Based on this record, Plaintiff knew not only of his underlying injury, but also of his alleged constitutional claim for inadequate medical care well before January 25, 2010. Thus, Plaintiff's claim for inadequate medical care is beyond the applicable two-year statute of limitations and untimely.

PAGE 6 – OPINION AND ORDER

**2. Plaintiff's claim for inadequate access to the courts is time-barred and fails on the merits**

Inmates have a constitutional right to adequate, effective, and meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This "fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. "*Bounds* requires only adequate law libraries *or* adequate assistance from persons trained in the law, not both." *United States v. Janis*, 820 F. Supp. 512, 515 (S.D. Cal. 1992) *aff'd*, 46 F.3d 1147 (9th Cir. 1995) (quotations and citations omitted). "Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). To assert a claim as to the right vindicated by *Bounds*, "the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id*.

Plaintiff alleges that he was not timely provided with access to the law library in July 2009. In early July 2009, he filed grievances with the jail complaining of inadequate access to the law library. Plaintiff alleges that he was granted access to the law library on July 30, 2009. Thus, Plaintiff knew or had reason to know in July 2009 of the injury upon which he bases his claim of inadequate access to the court, well before January 25, 2010. Accordingly, Plaintiff's claim is beyond the applicable two-year statute of limitations and untimely.

Further, even if Plaintiff's claim for inadequate access to the courts was timely, he fails to raise a genuine issue that his constitutional right was violated. Plaintiff alleges that it took "over a month" for him to get access to the law library and that the Lane County jail improperly

required him to go through the jail grievance procedure in order to get access to the law library. Assuming Plaintiff's allegations to be true and the jail required him to go through a grievance process in order to get access to the law library,[2] Plaintiff fails to raise a genuine issue that the one-month delay or being forced to utilize the grievance process "hindered [Plaintiff's] efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. To the contrary, the claims Plaintiff was researching were his Section 1983 claims against Defendants, and he was able to timely bring those claims in September 2010. That case was dismissed due to Plaintiff's failure to prosecute because Plaintiff did not provide the court with a current mailing address. Thus, Plaintiff fails to raise a genuine issue that he suffered a relevant actual injury from the alleged one-month delay in his obtaining access to the law library.

### 3.   Plaintiff's claim for inadequate food is time-barred and fails on the merits

The Eighth Amendment prohibits "cruel and unusual punishments" and thus "places restraints on prison officials." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). It also places duties upon prison officials to provide humane conditions of confinement, including, "adequate food, clothing, shelter, and medical care, and . . . reasonable measures to guarantee the safety of the inmates." *Id.* (quotations and citation omitted). "Adequate food is a basic human need protected by the Eighth Amendment." *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996) (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1997), amended by 135 F.3d 1318 (9th Cir.1998)). "While prison food need not be 'tasty or aesthetically pleasing,' it must be 'adequate to maintain health.'" *Id.* (quoting *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir.1993)).

---

[2] The exhibits attached to Plaintiff's response brief appear to show that the Lane County Jail did not require a grievance process to provide access to the law library, but that jail personnel: (1) could not find a grievance that Plaintiff stated he had previously filed, and (2) noted to Plaintiff that after a determination was made regarding his access to the law library, Plaintiff would be able to grieve that decision if he so chose.

To establish an Eighth Amendment violation under Section 1983 a prisoner must satisfy "both the objective and subjective components of a two-part test." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002)). First, the plaintiff must show that the prison official deprived him of the "minimal civilized measure of life's necessities." *Id*. (quotations and citation omitted). Second, he must demonstrate that the prison official "acted with deliberate indifference in doing so." *Id.*(quotations and citation omitted).

Deliberate indifference requires that the prison official "knows of and disregards an excessive risk to inmate health and safety." *Toguchi*, 391 F.3d at 1057 (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002)). Under this standard, the prison official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *Toguchi*, 391 F.3d at 1057. If a prison official knows the facts but does not draw the inference of risk, no matter how severe the risk and even if the prison official should have known about the risk, the prison official does not violate the Eighth Amendment. *Toguchi*, 391 F.3d at 1057.

The evidence shows that Plaintiff was placed on a restricted diet by a jail doctor in November 2009 and that on November 27, 2009, Plaintiff requested that he be removed from the restricted diet. Plaintiff was dissatisfied with this diet because he did not want all oat products restricted, he only wanted oatmeal restricted. Plaintiff's claim for inadequate food relating to his restricted diet is time-barred because it accrued before January 25, 2010. Even if it were not time-barred, Plaintiff fails to raise a genuine issue that he received inadequate food. The fact that all oat products were excluded from Plaintiff's diet for approximately one month pursuant to a

doctor's order based on Plaintiff's complaint of irritable bowel syndrome does not rise to the level of an Eighth Amendment claim of inadequate food.

Plaintiff also alleges that he filed two complaints with jail personnel that "rotten" fruit was served to him. Plaintiff does not allege when he was served the allegedly rotten fruit. Plaintiff's allegation that on a few occasions he was served rotten fruit does not rise to the level of an Eighth Amendment violation. Being served a few servings of rotten fruit does not render the food Plaintiff received inadequate to maintain health. It does not demonstrate that the Lane County Defendants deprived Plaintiff of the "minimal civilized measure of life's necessities," nor does Plaintiff create a genuine issue that the Lane County Defendants acted with "deliberate indifference" in giving Plaintiff a few servings of rotten fruit by knowing, and disregarding, that by doing so created an "excessive risk to inmate health and safety." *Toguchi*, 391 F.3d at 1057.

**4.  The statute of limitations for Plaintiff's claims is not subject to equitable tolling**

Plaintiff argues in his response brief that his claim should be equitably tolled because he was not provided access to the law library for "several months" and because a deputy had told him that he "several years" to file his tort claim. Plaintiff's Amended Complaint, however, alleges that it "took over a month" to gain access to the law library (Am. Compl. at 28) and Plaintiff's Previous Complaint alleged that he did not seek access to the law library for five months after his hospitalization and that after he sought access to the law library it took four weeks to gain access (Previous Compl. at 9). Plaintiff's argument that it took "several months" to gain access to the law library is, therefore, inconsistent with his other representations.

Regardless of whether it took one month or several months to gain access to the law library, in Section 1983 claims, federal courts apply the tolling doctrine of the forum state. *TwoRivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999). The Oregon Tort Claims Act contains no equitable tolling provision, and the Court has not found any statutory or other authority allowing

for equitable tolling in Oregon in these cases. *See Alexander v. Dorn*, No. CV-11-102-ST, 2011 WL 4975258 at *3 (D. Or. July 18, 2011) ("Because [Plaintiff] 'cites no authority, and the court is aware of none, suggesting that federal courts in Oregon may apply equitable tolling to § 1983 cases,' this court declines to do so.") (quoting *Reynolds v. Guisto*, No. CV 08-6261-PK, 2009 WL 2523727 at *3 (D. Or. Aug. 18, 2009)).

Even if Oregon did allow for equitable tolling in a Section 1983 claim, equitable tolling in civil rights cases generally requires "a separate, *formal legal action*, usually before a formally constituted agency authorized to adjudicate claims and provide a remedy." *Stone v. City and County of San Francisco*, 735 F. Supp. 340, 343 (N.D. Cal. 1990) (citing *Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.,* 707 F.2d 1030 (9th Cir. 1983); *Elkins v. Derby*, 525 P.2d 81 (Cal. 1974)). Plaintiff did not engage in such a formal process. Further, Plaintiff's argument that the delay in providing him access to the law library or the comment by the deputy regarding the amount of time Plaintiff had to file a tort claim prevented him from timely filing his claims is belied by the fact that on September 16, 2010, Plaintiff filed a lawsuit alleging these same claims.[3] Thus, Plaintiff's argument that the statute of limitations was equitably tolled in this case fails.

## B.  Plaintiff Fails to State a Claim Against the Non-Moving Defendants

In addition to the Lane County Defendants, Plaintiff filed suit against certain personnel in the United States Marshal's Service (the "Federal Defendants"). There appears to have been a problem with the service on the Federal Defendants, and they have not yet appeared in this action. Plaintiff asserts the same allegations against the Federal Defendants as he does against

---

[3] That action was timely, but was dismissed on September 29, 2011, for lack of prosecution because Plaintiff failed to keep a current address with the Court as required under Local Rule 83.12.

the Lane County Defendants, alleging that the Federal Defendants are responsible for the misconduct of the Lane County jail personnel because the Federal Defendants must ensure that all federal prisoners are treated humanely.

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 USC § 1915(e)(2). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882 (9th Cir. 1991); *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989).

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of the doubt. *Hebbe*, 627 F.3d at 342. "A *pro se* litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

PAGE 12 – OPINION AND ORDER

Here, Plaintiffs' allegations against the Federal Defendants specifically state that they are based on Plaintiff's treatment by Lane County jail personnel during the time he was held at the Lane County jail. The claims against the Federal Defendants arise from and are dependent upon the same allegations of inadequate medical care from December 2008 and January 2009, the alleged inadequate access to the law library in July 2009, and the alleged improperly restrictive diet from November 2009. As discussed above, these claims are time-barred. Plaintiff also asserts a claim against the Federal Defendants based on the alleged servings of rotten fruit. As discussed above, that claim fails on the merits. Thus, Plaintiff's claims against the Federal Defendants lack an arguable basis in law and fact and are therefore frivolous. Plaintiff fails to state a claim against the Federal Defendants and any amendment would be futile.

## CONCLUSION

The Lane County Defendants' motion for summary judgment (Dkt. 27) is GRANTED. The Court further finds that Plaintiff fails to state a claim against the Federal Defendants and dismisses those claims with prejudice. Thus, this case is dismissed in its entirety.

**IT IS SO ORDERED**.

DATED this 30th day of July, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 13 – OPINION AND ORDER